IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy K. Stroman, ) | C/A No.: 1:13-805-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Agency Director William R. Byars, Jr.; ) | |
| Warden Wayne C. McCabe; Associate ) | |
| Warden Joseph McFadden; Lt. Michael ) | |
| Lawrence; Cpl. Barry Robinson; and ) | |
| C/O Gary Sanchez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution ("PCI"), a facility of the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 42 U.S.C. § 1983 against SCDC employees related to disciplinary charges that followed a prison riot. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff's complaint alleges that a riot broke out at Lieber Correctional Institution on January 18, 2012, when an inmate attacked defendant Corporal Barry Robinson. [Entry #1 at 2]. Plaintiff claims that Robinson was issuing bed linen without a second

officer when the riot broke out, thereby putting Plaintiff's life in danger.[1] *Id*. Plaintiff alleges that defendant Lieutenant Lawrence transferred him and other inmates to PCI after the riot. *Id*.  Plaintiff claims that he has been housed in the Special Management Unit for punishment since January 27, 2012. *Id.*

Plaintiff alleges that on May 5, 2012, he was served with two disciplinary charges arising from the riot, which listed defendant Lawrence as the reporting official. *Id*. The charges were dismissed on May 17, 2012. *Id*. On August 20, 2012, he was again served with disciplinary charges arising from the riot, which listed defendants Warden Wayne C. McCabe and Warden Joseph McFadden as the reporting officials. *Id*.  Plaintiff claims that Lawrence and McCabe had no authority to write the charges because they were not at the riot. *Id.* at 3.

Plaintiff was found guilty at his disciplinary hearing on August 23, 2012, and lost good time credits as part of his sentence. *Id*. Plaintiff alleges that he filed a grievance that was denied.  He appealed the denial of his grievance on February 12, 2013, but states that he has not yet received a final determination.  *Id.* at 7.

Plaintiff makes no factual allegations against defendant Officer Gary Sanchez. Additionally, Plaintiff's only allegation related to defendant SCDC Director William R. Byars is that he is responsible for the operation of every institution in SCDC.  Plaintiff claims that defendants have denied him procedural due process and violated the double jeopardy clause of the Constitution in connection with the disciplinary charges.  In his

---

[1] Plaintiff does not appear to assert any cause of action related to this allegation and makes no further factual allegations in this regard, such as asserting an actual injury.

prayer for relief, Plaintiff seeks declaratory relief, an injunction ordering defendants to follow their policies and procedures, and compensatory and punitive damages. *Id.* at 4.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Administrative Exhaustion

The complaint is subject to summary dismissal based on Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516, 527 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id.* The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which 'means using all steps that the agency holds out, and doing so *properly*.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532

U.S. 731, 739 (2001)).   Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983.  *Id.*

The purpose of the exhaustion requirement is twofold.  First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."  *Woodford*, 548 U.S. at 89 (internal citations omitted).  Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court."   *Id.*   Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate.  *See Anderson v. XYZ Correctional Health Servs., Inc*., 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). Here, Plaintiff admits that he has not received a final agency determination. [Entry #1 at 7].  Thus, based on the face of the complaint, this action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

2.    Due Process

Plaintiff contends that defendants violated his right to due process during the disciplinary process. It is true that disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Plaintiff indicates that he lost good time credits as a result of the disciplinary conviction, but provides no facts to demonstrate that his institutional

conviction has been invalidated. Because *Heck*'s favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings of *Heck* and *Edwards*. Further, to the extent Plaintiff may be seeking the return of any earned good conduct time credits, such relief is unavailable in a § 1983 action. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, the instant complaint is subject to summary dismissal.

### 3. Double Jeopardy

Plaintiff's double jeopardy claim is not cognizable because prison disciplinary proceedings are not part of a criminal prosecution. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *Anderson v. Padula*, No. 0:05–3029–PMD, 2006 WL 1075003, at *4 (D.S.C. Apr.19, 2006) (concluding the double jeopardy clause was not implicated when the plaintiff was sanctioned twice for one prison disciplinary charge, first through an informal resolution and then through a disciplinary hearing regarding the same charge). Therefore, Plaintiff's double jeopardy claim is independently subject to summary dismissal.

## III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 24, 2013Shiva V. Hodges
Columbia, South CarolinaUnited States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).