UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy K. Stroman, | ) | C/A No. 1:13-805-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Agency Director William R. Byars, Jr.; Warden Wayne C. McCabe; Associate Warden Joseph McFadden; Lt. Michael Lawrence; Cpl. Barry Robinson; and C/O Gary Sanchez, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Timothy K. Stroman, brings this action pursuant to 42 U.S.C. § 1983, against various employees of the South Carolina Department of Corrections for claims arising out of disciplinary charges made against him following a prison riot.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed because the plaintiff has failed to exhaust his administrative remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was notified of his right to file specific objections to the Report and Recommendation. The plaintiff filed a four-page objections memorandum. For the reasons which follow, court agrees with Magistrate Judge that dismissal without prejudice is appropriate.

According to the plaintiff's complaint, a riot broke out at the Lieber Correctional Institution on January 18, 2012. Plaintiff contends that after the riot, he, along with several inmates were transferred to the Special Management Unit (SMU) for punishment on January 27, 2012. He further alleges that on May 5, 2012, he was served with two disciplinary charges arising from the riot. After these charges were dismissed because the wrong individual filed the report, plaintiff was again served with disciplinary charges arising from the riot.

Plaintiff was found guilty at his disciplinary hearing on August 23, 2012. He filed a grievance which was denied. He then appealed that denial on February 12, 2013 and has not yet received a final determination on the appeal. Because his appeal is still pending, the Magistrate Judge recommends that this action be dismissed without prejudice and without issuance and service of process.

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C.A. § 1997(e) states: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516, 527 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." *Id.* The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which 'means using all steps that the agency holds out, and doing so *properly*.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

As noted above, the appeal of plaintiff's denial of his grievance remains pending. In his objection memorandum, plaintiff points out, correctly, that some courts have held that the exhaustion requirements of the PLRA should not construed so narrowly as to permit prison officials to exploit the exhaustion requirement through an indefinite delay. In other cases, this court has excused the exhaustion requirement when it found that prison officials had appeared to be thwarting a plaintiff's right to bring a federal lawsuit by indefinitely delaying a final decision on a grievance. Here, however, the appeal was not filed until February 2013. This court is aware of the numerous grievances and appeals filed each year by inmates with the SCDC. This court cannot say that a period of time from February through August represents a period of inordinate delay. Accordingly, the court agrees with th Magistrate Judge that the plaintiff has not properly exhausted his administrative remedies before bringing this action.

3

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference and the plaintiff's objections are overruled.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 26, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4